**COMMONWEALTH of Kentucky, DEPART-
MENT OF MILITARY AF-
FAIRS, Appellant,**

v.

**J. T. HERRELL, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

———◆———

Robert L. Montague, III, Frankfort, for appellant.

Joseph K. Beasley, Harlan, Joseph J. Leary, Marion Rider, Frankfort, for appellee.

DAVIS, Commissioner.

The Commonwealth of Kentucky and the Department of Military Affairs sued J. T. Herrell in the Franklin Circuit Court seeking recovery of $28,809, allegedly obtained by Herrell from 88 veterans who assigned their bonus claims to him. The bonus claims in question arose pursuant to the provisions of KRS Ch. 40. The complaint as amended was dismissed by the trial court on the grounds (1) that the Commonwealth and the Department of Military Affairs are without legal right to maintain the action, and (2) that any cause of action which might exist is vested exclusively in the veteran.

The Commonwealth and Department of Military Affairs appeal, challenging the two grounds just stated.

The parties agreed in pretrial conference as follows: (1) each of the 88 veterans filed proper application for bonus and each was entitled to bonus; (2) the Department of Military Affairs mailed, properly stamped and addressed, to each of the 88 veterans a check in payment of such bonus; these checks were properly endorsed in some instances by the veteran in person, and in others by the appellee as authorized attorney in fact; the checks were paid by the Treasurer of Kentucky; (3) the 88 veterans referred to in the complaint have no right of action or claim against the Commonwealth or the Department of Military Affairs for the payment of the bonus; and (4) no assignment of the claims of the veterans to the appellee was received by, tendered or presented to any officer of the Commonwealth prior to the issue of the 88 checks, nor were the proceeds of the checks hypothecated to any person prior to their being issued with knowledge of the Commonwealth or its Department of Military Affairs.

No statutory provision specifically affords any authority to the Commonwealth or the Department of Military Affairs to maintain this action. None is cited to us, nor are we able to discover any. The Department insists that it has legal standing to maintain this action; it asserts this prerogative is implied by KRS 40.230 authorizing the administrator of the Department to make rules and regulations for the implementation of KRS, Ch. 40. We do not construe that statute as affording basis for this action.

The Commonwealth and its Department of Military Affairs have discharged fully the bonus payments due the 88 veterans. None

of the veterans makes complaint in this action. We can perceive no basis whereby the Commonwealth or Department of Military Affairs has any proprietary interest in the proceeds of the checks.

The judgment is affirmed.